■ CORA DEMING, Appellant, v. ELWOOD DEMING, Respondent.— Appeal from an order of a Special Term, Supreme Court, Montgomery County. Upon a disputed record based on affidavits as to the earnings of plaintiff wife, the Special Term has denied her motion for alimony, but has allowed counsel fees of $300 in this action for a separation. Defendant's earnings are about $60 a week; plaintiff says she is ill and earns $25 a week, but defendant says the wife earns $40 a week. There is some proof that the wife has possession of some of the joint assets of the parties. The action should be promptly tried so that the question of earnings may be explored in plenary fashion. If the earnings of the parties are in the ratio of $60 to $25, we would think some alimony warranted, and perhaps also warranted if the disparity were not so great and the wife's earning power impaired by illness. We do not attempt to pass on what would be proper until the whole issue has been examined fully. If the action is not tried by the end of the next term at which it can be reached, for any reason attributable to defendant, plaintiff may renew her motion for alimony. Order affirmed, without costs, and without prejudice to its renewal under the conditions here indicated. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ BELLA SILVERMAN, Appellant, et al., Plaintiff, v. MORRIS OBERMAN et al., Respondents, et al., Defendant.— Appeal from an order of Supreme Court, Special Term, Sullivan County which denied a motion to punish the defendants Oberman and Oberman for contempt of court for violating an injunction decree rendered after trial in the above-entitled action. Plaintiff and defendants are owners of adjacent parcels of real estate located in the hamlet of Old Falls, town of Fallsburgh, Sullivan County, New York. There are retail stores on both parcels. The deed to defendants contains a restrictive covenant to this effect: "The parties of the second part shall not use or occupy the above described premises * * * for the sale of fruit, vegetables and produce at wholesale or retail, delicatessen, grocery, dairy or appetizing store". The injunction decree enjoins and restrains the defendants Oberman "from using the premises described in the complaint for the sale of fruits, vegetables and produce, at wholesale or retail, delicatessen, grocery, dairy or appetizing store." Concededly the defendants Oberman sold salami and unprepared frankfurters in their store which was operated as a meat and poultry market. Special Term held that the injunction did not prohibit the sale of all articles that may be purchased in a delicatessen store. Affidavits were submitted which indicated that salami and unprepared frankfurters are commonly sold in meat and poultry markets in the vicinity. It is apparent from the language of both the restrictive covenant and the injunctive decree that the language of neither is clear and precise, and not very artfully drawn. Both are capable of construction that the defendants are not prohibited from the sale of all articles that may be purchased in a delicatessen store so long as they do not actually operate what is commonly known as a delicatessen store. We agree with the Special Term that the contempt proceeding is based upon an order which is neither clear nor concise; and in view of the proof that salami and unprepared frankfurters are customarily sold in meat and poultry markets in the vicinity, there is no sound basis for punitive action. It may be added that in a recent case it was said that the question of what type of meat "ordinarily sold" in a "delicatessen store" is "pregnant with controversy" (*C. L. Holding Corp.* v. *Schutt Court Homes,* 280 App. Div. 341, affd. 307 N. Y. 648). Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur